**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**RICHARD K. KENDALL et al.,**

                **Plaintiffs,**　　　　　　1:13-cv-185
　　　　　　　　　　　　　　　　　　(GLS/CFH)
                **v.**

**AEGIS ENGINEERING
SERVICES, INC.,**

                **Defendant.**
_____

**APPEARANCES:**　　　　　　　　　**OF COUNSEL:**

**FOR THE PLAINTIFFS:**
Linnan, Fallon Law Firm　　　　　　SHAWN T. MAY, ESQ.
61 Columbia Street　　　　　　　　JAMES D. LINNAN, ESQ.
Suite 300
Albany, NY 12210-2736

**FOR THE DEFENDANT:**
Goldberg, Segalla Law Firm　　　　JOHN J. JABLONSKI, ESQ.
665 Main Street
Suite 400
Buffalo, NY 14203-1425

**Gary L. Sharpe
Chief Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

    Plaintiffs Richard K. Kendall and Holly M. Kendall commenced this

diversity action against defendant Aegis Engineering Services, Inc.,

asserting causes of action pursuant to New York common law for negligence and breach of contract. (Compl., Dkt. No. 1, Attach. 1 at 3-8.) Pending before the court are Aegis' motions for summary judgment, (Dkt. Nos. 8, 18), and plaintiffs' motion for leave to file an amended complaint, (Dkt. No. 22). For the reasons that follow, summary judgment is granted to Aegis and plaintiffs' motion for leave to amend the complaint is denied.

## II. Background[1]

Plaintiffs' causes of action here arise out of an incident at their home in April 2009, when local police dispersed tear gas into their house. (Def.'s Statement of Material Facts (SMF) ¶¶ 1-2, Dkt. No. 8, Attach. 22.) Following this incident, plaintiffs filed an insurance claim with their insurer, Amica Mutual Insurance Co., in order to remediate the building of tear gas remnants. (*Id.* ¶ 3.) Upon receiving plaintiffs' claim, Amica sought out the services of Aegis Engineering Co., an environmental engineering company, to provide Amica with further information on the remediation process. (*Id.* ¶¶ 8-9.) Specifically, Amica asked Aegis to "coordinat[e] with [the remediation company chosen by plaintiffs] to inspect loss[,] assess the scope and remediation possibility of the[ ]structure and personal property[,]

---

[1] Unless otherwise noted, the facts are not in dispute.

report[ ]accordingly[, and] comment on habitability." (*Id.* ¶ 9; Dkt. No. 8, Attach. 13 at 2.) As clarified by representatives from Amica and Aegis, the purpose of this agreement was for Aegis to "assist [Amica] in evaluating this case," so that Amica could "make sure [they were] paying what[ was] reasonable." (Dkt. No. 8, Attach. 14 at 11, 21.) It was Aegis' understanding that they were "to review remediation proposals on behalf of Amica to evaluate whether . . . the scope of work was adequate and . . . the costs were reasonable." (Dkt. No. 22, Attach. 3 at 37.) Aegis assisted in the solicitation of bids for the project, reviewed the proposals, and reported back to Amica. (*Id.* at 72-74.) Aegis was not ultimately responsible for performing the actual remediation of the home, nor did it supervise or control the remediation work during the course of the project. (Def.'s SMF ¶¶ 13-14, 20.)

In May 2009, Holly Kendall identified and contracted with USA Decon Biohazard Cleaning & Disposal to perform the remediation of the tear gas remnants from her home, which was subsequently completed in June 2009. (*Id.* ¶¶ 15-17.) Shortly after moving back into her home, she began experiencing symptoms including peeling skin, poor breathing, burning lips, and hair loss, allegedly as a result of the tear gas residue in the house. (*Id.*

¶¶ 27-28.) These conditions ultimately required her to seek medical treatment. (*Id.* ¶ 29.) Plaintiffs subsequently commenced this action on January 8, 2013. (Compl.)

### III. Standard of Review

The standard of review pursuant to Fed. R. Civ. P. 56 is well established and will not be repeated here. For a full discussion of the standard, the court refers the parties to its decision in *Wagner v. Swarts*, 827 F. Supp. 2d 85, 92 (N.D.N.Y. 2011), *aff'd sub nom. Wagner v. Sprague*, 489 F. App'x 500 (2d Cir. 2012).

### IV. Discussion

**A.  Summary Judgment Motion**

With respect to its original motion for summary judgment, Aegis argues that plaintiffs' breach of contract claim[2] must fail because plaintiffs were only incidental beneficiaries to the contract between Amica and Aegis regarding the remediation project at their home and the related insurance claim, and therefore they cannot maintain a breach of contract action

---

[2] In their response to Aegis' motion for summary judgment, plaintiffs have conceded that their "personal injury cause of action is time-barred and do[ ] not oppose that portion of [Aegis'] motion." (Dkt. No. 22, Attach. 1 at 3-4.) Plaintiffs' first cause of action is therefore dismissed.

4

against Aegis as third-party beneficiaries.[3] (Dkt. No. 8, Attach. 1 at 8-13.) Additionally, Aegis argues that plaintiffs' breach of contract action is untimely because it is seeking only damages for personal injuries, and plaintiffs have already conceded that their personal injury cause of action is untimely. (*Id.* at 15-17; Dkt. No. 27 at 8-10.) In response, plaintiffs concede that their personal injury cause of action is untimely, but argue that Aegis knew the contract was intended to benefit the Kendalls, and therefore plaintiffs may assert third-party beneficiary rights under the Amica-Aegis contract. (Dkt. No. 22, Attach. 1 at 3-4, 13-16.) For the following reasons, the court agrees with Aegis and grants its first motion for summary judgment.

Regardless of whether plaintiffs are determined to be intended or incidental beneficiaries of the agreement between Amica and Aegis—and the court questions whether plaintiffs would be able to demonstrate that they were in fact intended beneficiaries, given the nature and scope of the

---

[3] Aegis has also filed a second motion for summary judgment seeking dismissal of the complaint on alternative grounds—specifically, that plaintiffs failed to disclose any expert opinions regarding causation prior to the deadline set in the court's pretrial scheduling order, and that without such expert evidence, plaintiffs' claims fail as a matter of law. (Dkt. No. 18, Attach. 3.) However, given the court's resolution of Aegis' first summary judgment motion, it is unnecessary to consider this alternative argument, and Aegis' second summary judgment motion is therefore denied as moot.

5

Amica-Aegis agreement—plaintiffs' breach of contract action should be dismissed as untimely. In New York, the "choice of applicable Statute of Limitations is properly related to the remedy rather than to the theory of liability." *Sears, Roebuck & Co. v. Enco Assocs.*, 43 N.Y.2d 389, 394-95 (1977). In other words, where "the essence of [a] matter is the plaintiff's claim to recover damages for personal injuries . . . [the] case is governed by the three-year Statue of Limitations period" applicable to personal injury claims. *Erickson v. YMCA of Nyack*, 108 A.D.2d 720, 720 (2d Dep't 1985); *see* N.Y. C.P.L.R. § 214(5) (McKinney 2013).

Here, plaintiffs' complaint clearly indicates that, with respect to their second cause of action for breach of contract, they are seeking damages only for personal injuries; no pecuniary loss is either alleged in the body of the complaint or sought in plaintiffs' demand for relief. (Compl. ¶¶ 30-34.) The complaint plainly states that "on the second cause of action," plaintiffs seek "compensatory damages as a result of the breach of contract by the defendant, for personal injury to the plaintiffs." (*Id.* at 6.) Therefore, although it is couched as a breach of contract cause of action, this claim would be subject to the same three-year statute of limitations as plaintiffs' first cause of action for negligence. *See Levy v. Spinney*, No. 93-CV-0761,

6

1994 WL 477228, at *3 (N.D.N.Y. Aug. 30, 1994) ("If [personal injury] claims were made, those damages would go beyond the scope of a claim for breach of contract and would be barred by the three-year statute of limitations."); *Graboi v. Kibel*, 432 F. Supp. 572, 577 (S.D.N.Y. 1977) ("Because the essence of the cause of action stylized as 'contractual' is clearly plaintiff's personal injuries, the three year statute of limitations applies to this cause of action."); *Davis v. St. Joseph's Children Servs.*, 99 A.D.2d 960, 961 (1st Dep't 1984) ("In this case, the proposed contract theory of liability set forth in the . . . complaint quite plainly seeks damages for personal injuries only. Accordingly, the three-year Statute of Limitations for personal injury actions continues to be applicable.").

As Aegis argued for untimeliness in its summary judgment motion, (Dkt. No. 8, Attach. 1 at 15-17), and as plaintiffs have already conceded that their "personal injury cause of action is time-barred," (Dkt. No. 22, Attach. 1 at 3-4), their breach of contract cause of action seeking damages for personal injury only is likewise time barred. Specifically, plaintiffs' symptoms allegedly caused by the toxic substance remnants in the home manifested themselves in mid- to late-2009, (Def.'s SMF ¶¶ 25-29; Dkt. No. 8, Attach. 1 at 16-17), and plaintiffs did not commence this action until

7

January 2013, (Compl.).  See N.Y. C.P.L.R. § 214(5) (McKinney 2013) (establishing a three-year statute of limitations for "action[s] to recover damages for a personal injury").  Accordingly, Aegis is entitled to summary judgment on plaintiffs' remaining cause of action, which plainly seeks only tort damages for personal injuries.

B.   **Motion for Leave to Amend the Complaint**

Plaintiffs have moved for leave to amend their complaint in order to add a claim against Aegis for negligent misrepresentation.  (Dkt. No. 22, Attach. 1 at 8-13.)  Aegis argues that plaintiffs should not be granted leave to amend at this late juncture because there has been an undue delay in their seeking leave to amend, without good cause, and permitting an amendment would be futile and would prejudice Aegis.  (Dkt. No. 27 at 17-24.)  For the following reasons, plaintiffs' motion to amend is denied.

Rule 15(a) provides that where a party seeks to amend his pleading before trial, "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).  However, "'[w]here a scheduling order has been entered, the lenient standard under Rule 15(a), which provides leave to amend shall be freely given, must be balanced against the requirement under Rule 16(b) that the Court's scheduling order shall not be modified

except upon a showing of good cause.'" *Laskowski v. Liberty Mut. Fire Ins. Co.*, No. 5:11-cv-340, 2013 WL 5127039, at *2 n.3 (N.D.N.Y. Sept. 12, 2013) (quoting *Grochowski v. Phoenix Constr.*, 318 F.3d 80, 86 (2d Cir. 2003)). "To satisfy the good cause standard the party must show that, despite its having exercised diligence, the applicable deadline could not have been reasonably met." *Id.* at *2 (internal quotation marks and citation omitted). Further, "the good cause standard is not satisfied when the proposed amendment rests on information that the party knew, or should have known, in advance of the deadline." *Enzymotec Ltd. v. NBTY, Inc.*, 754 F. Supp. 2d 527, 536 (E.D.N.Y. 2010) (internal quotation marks and citation omitted).

Here, plaintiffs did not seek leave to amend their complaint until January 21, 2014, (Dkt. No. 22)—approximately eight months after the May 31, 2013 deadline by which pleadings were to be amended pursuant to the court's pretrial scheduling order, (Dkt. No. 7 at 1). In support of their motion, plaintiffs appear to argue that they could not have asserted their proposed negligent misrepresentation cause of action any earlier, because they "were unable to ascertain the extent of [Aegis]' involvement . . . prior to th[e] deposition [of Aegis representative Brian Campbell]." (Dkt. No. 22,

9

Attach. 1 at 12.) However, in support of their motion, plaintiffs have failed to point to any specific information gleaned from the deposition of Campbell that would not have been available to them sooner than eight months after the deadline for amendment of pleadings as established by the court, and after summary judgment motions have been filed. In support of their motion, plaintiffs fail to cite to any specific portions of Campbell's deposition, and instead assert in conclusory fashion that Campbell, and thus Aegis, was insufficiently experienced with this type of project. (*Id.* at 12-13.) Plaintiffs have also failed to specifically allege, in their proposed amended complaint, (Dkt. No. 22, Attach. 17), any specific misrepresentations made by Aegis to plaintiffs of which they were unaware, or that they could not have discovered, before the deposition of Campbell, "despite . . . having exercised diligence." *Laskowski*, 2013 WL 5127039, at *2. In short, plaintiffs have failed to demonstrate good cause for their proposed amendment at this late stage, and therefore their motion for leave to amend the complaint is denied. *See Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000) ("[A] district court does not abuse its discretion in denying leave to amend the pleadings after the deadline set in the scheduling order where the moving party has failed to establish good

cause.").

## V. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Aegis' first motion for summary judgment (Dkt. No. 8) is **GRANTED**; and it is further

**ORDERED** that Aegis' second motion for summary judgment (Dkt. No. 18) is **DENIED AS MOOT**; and it is further

**ORDERED** that the complaint (Dkt. No. 1, Attach. 1 at 3-8) is **DISMISSED**; and it is further

**ORDERED** that plaintiffs' motion for leave to amend the complaint (Dkt. No. 22) is **DENIED**; and it is further

**ORDERED** that the Clerk close this case; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

August 4, 2014
Albany, New York

*/s/ Gary L. Sharpe*
Gary L. Sharpe
Chief Judge
U.S. District Court